Ludeling, C. J.
. On the fourteenth of August, 1873, Martial Ricard as legatee under the will of his natural father, and as heir of his *366 brother Charles, obtained an order against the executor of Ms father’s will to render an account. The account was rendered, and the plaintiff filed an opposition to it. While that suit was pending, he filed a petition praying to be recognized as the sole legal heir of his brother and instituted heir of his father, and to be put in possession of the special legacy made to him by the will.
This demand was opposed by Severin Rieard, the executor, and Joseph Rieard, the brother of the deceased, who claimed to be the sole legal heirs, on the grounds that the plaintiff was only a statu liber at the date of testator’s death, and that he was the natural son of the testator, and could not receive as legatee or inherit from the father.
There was judgment in favor of the plaintiff declaring him a legatee of his father and the heir of his brother, his colegatee, ordering him to be put in possession of the property bequeathed to him and his brother, and declaring the sale made by the executor null and void and the title of the property to be still in the succession.
The only part of this judgment that is seriously opposed in this court is, that the judgment is ultra petitioner.n, and that the parish court was without jurisdiction to try the question of title to property, the value whereof exceeds five hundred dollars, and that the judgment orders that plaintiff be put in possession of property of the estate, which he has judicially admitted had been sold.
The evidence shows that the tract of land bequeathed to plaintiff constituted the principal part, if not the whole, of the property of said succession, and that it had been sold; that the plaintiff liad called on the executor for an account, and had filed an opposition to the account, which was still pending. It would be improper to attempt to decide anything in regard to the title to this property, even if the court had jurisdiction, as the vendee is not before the court; and it would be no less wrong to make an order to put the legatee in possession of property, which is shown to have passed out of the succession, and the possessor is not before the court. It is manifest the judgment decreeing the title of the property to be still in the succession is wrong, as no such allegation or prayer is made in the petition.
It is equally clear that if it had been made, the parish court would have been without jurisdiction ratione materias to try that question, as the value of the property exceeded five hundred dollars. Constitution, article 87.
It is therefore ordered and adjudged that the judgment of the lower court be annulled, and that there be judgment in favor of the plaintiff recognizing him as instituted heir of Joseph Rieard and heir at law of Charles Rieard with costs of the lower court, the costs of appeal to be paid by the appellee.